## Abstract of the Decision.

1. JUDGMENT, § 192*—*when judgment against one joint defendant erroneous*. In an action against two defendants jointly for commissions on a sale of real estate, it being alleged that the defendants jointly owned the property and that the contract was made with them jointly, *held* that each defendant was a necessary party to the action and that a judgment entered against one upon a discontinuance of the action as to the other was erroneous.

2. JUDGMENT, § 192*—*when must be rendered against all joint defendants or none*. When an action is brought on a joint contract the judgment must be rendered against all the defendants or none, unless a defense is interposed which is personal to the defendant who makes it, such as infancy, coverture, lunacy, bankruptcy and the like, or unless one is joined as a defendant in the action who is an unnecessary or improper defendant.

3. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 11*—*when suit may be dismissed as to one or more joint defendants*. In actions *ex contractu* where a plaintiff has a right to bring an action against either one of several joint debtors or obligors as he may elect, as where there is a separate individual liability on each one of several joint debtors or obligors and the plaintiff sues more than one of them in the same action, he may dismiss as to some and take judgment as to the others, as in the case of joint sureties on a bond, the rule being that if one of the defendants could have been sued alone in the first instance then the others were not necessary parties, and the liability of the defendant retained in the suit is not thereby increased because each of the defendants were liable to the plaintiff for the whole amount of the debt.

## Frank Lockett, Appellee, v. Charles Zimmerman, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Champaign county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed December 27, 1913.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

## Statement of the Case.

Action by Frank Lockett against Charles Zimmerman in *assumpsit* by attachment proceedings, the defendant being a resident of Wisconsin, to recover a certain sum alleged to be due him as his share of the commissions for selling real estate for defendant under a contract between the defendant and the plaintiff and John D. Stayton, a real estate firm. From a judgment in favor of plaintiff for $766.66, defendant appeals.

DOBBINS & DOBBINS, for appellant.

H. ANDERSON and L. B. SAFFER, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 88*—*when evidence insufficient to show agreement to pay member of real estate firm his share of commission.* In an action brought by a member of a real estate firm in his own name to recover his share of the commissions for selling real estate belonging to defendant under a written contract between the defendant and the firm, evidence *held* insufficient to show a parol agreement by the defendant to pay the plaintiff individually his share of the commission.

2. BROKERS, § 95*—*when instruction erroneous.* In an action by a member of a real estate firm to recover his share of commissions for selling real estate belonging to defendant under a written contract between the defendant and the firm, an instruction given for plaintiff telling the jury that plaintiff is entitled to recover his commission though defendant changed his proposition with a view to dispense with plaintiff's services, when the plaintiff received no notice of such fact, *held* erroneous as ignoring an alleged modification of the contract and as assuming facts.

3. PARTNERSHIP, § 32*—*when member estopped to deny a copartnership.* In an action brought by a member of a real estate firm in his own name to recover his share of a commission for selling real estate belonging to defendant under a written contract purporting to be executed between defendant and the plaintiff and another as a real estate firm, *held* that the plaintiff was estopped to deny that the contract was executed by him and such other person as copartners.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.